IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER J. HOWARD,
Prisoner #B86767,

Petitioner,

v.

MICHAEL ATCHISON[1],

Respondent.                                  Case No. 3:11-cv-00244-DRH-SCW

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

### I. Introduction

Petitioner Christopher J. Howard ("Howard"), currently incarcerated at Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. Section 2254 challenging his conviction for first degree murder (Doc. 1). Respondent has answered (Doc. 88) and petitioner replied (Doc. 92). For the following reasons, the petition is **DENIED** and the case is **DISMISSED with prejudice**.

### II. Background

Following a jury trial in the Circuit Court of St. Clair County, Howard was found guilty of first degree murder and was sentenced on December 18, 2008, to forty-one years of imprisonment. On January 6, 2009, petitioner filed a pro se

---

[1] Respondent informed the Court that Michael P. Atchison is the current Warden of Menard Correctional Center and the proper respondent. Thus, the Court substitutes Atchison for the original respondent Donald A. Hulick.

notice of appeal and, on April 6, 2009, the Illinois Court of Appeals dismissed the appeal for lack of jurisdiction.

Also on April 6, 2009, the trial court denied petitioner's motion to reconsider and petitioner's remaining pending pro se motions. Petitioner, again pro se, filed a notice of appeal regarding these judgements. Later obtaining counsel, Howard directed his attorney to file a motion to dismiss the appeal thereafter granted by the appellate court. The case was dismissed in November 2010.[2]

Contemporaneously, on July 9, 2009, petitioner filed an amended post-conviction petition claiming that he was tried in violation of his speedy trial rights. The petition was dismissed on May 16, 2011 and petitioner did not appeal.

On January 12, 2011, petitioner filed a pro se document with the trial court, later construed to be an amended post-conviction petition. In that petition, Howard argued a single ground for relief, that the circuit court violated the due process clause of the Fourteenth Amendment when he was not given notice nor present in court for a September 8, 2008 motion hearing. The State filed a motion to dismiss the case and the Court granted the State's request on May 16, 2011. Petitioner did not appeal.

On December 10, 2009, petitioner filed a federal habeas petition challenging his conviction for failure to comply with his speedy trial rights. The

---

[2] The trial court granted the State's motion to dismiss on November 10, 2010 and reissued the order on November 30, 2010 to correct the list of judges assigned to the case.

undersigned dismissed the claim without prejudice on June 15, 2010 because petitioner's post-conviction claim was still pending in state court.

On March 30, 2011, petitioner filed the current action. The petition raises the same issue presented in the January 12, 2011 post-conviction action, that the Circuit Court violated the due process clause of the Fourteenth Amendment when Howard was not given notice nor present in court for a September 8, 2008 motion hearing. On May 17, 2011, respondent filed a motion to dismiss arguing that the petitioner had not exhausted his state court remedies. The case was dismissed on July 21, 2011 for failure to pay the filing fee.

Petitioner subsequently paid the filing fee and the Court vacated its dismissal on March 8, 2012. On April 19, 2012, the Court directed respondent to file a supplement addressing whether any claims remained unexhausted and respondent did so on April 25, 2012. Respondent attached petitioner's St. Clair County docket sheet (Doc. 73-1) showing that petitioner had not filed an appeal. The Court then directed respondent, on May 2, 2012, to file a response to the petition.

On August 9, 2012, respondent filed an answer to petitioner's claim (Doc. 88) arguing that petitioner's claim is procedurally defaulted. Specifically, respondent argues petitioner failed to present his claim to one complete round of state court proceedings. Further, respondent asserts that the Court should decline to issue a certificate of appealability because reasonable jurists would not find it debatable that petitioner's claim is procedurally defaulted.

In his reply, Howard asserts that the Court has "original jurisdiction over federal question cases. As such, petitioner has shown why his claim is not barred from receiving federal habeas relief" (Doc. 92, p 2). The Court construes petitioner's reply as emphasizing petitioner's arguments as asserted in his petition.

### III. Analysis

The standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, govern this Court's review of Howard's petition. Section 2254 permits federal courts to entertain an application for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

As a threshold matter, a habeas petition shall not be granted unless the applicant has exhausted his State court remedies. 28 U.S .C. § 2254(b)(1)(A). A petitioner must fully and fairly present his federal claims through one full round of state court review before he filed his federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Gray v. Hardy*, 598 F.3d 324, 327 (7th Cir. 2010). "[W]hen a petitioner has exhausted his state court remedies and failed to properly assert his federal claims at each level of review, those claims are procedurally defaulted." *Woods v. Schwartz,* 589 F.3d 368, 373 (7th Cir. 2009).

Upon thorough review of the record, the Court finds that Howard's single claim is procedurally defaulted. Howard's claim was not presented through one full found of state court review. The January 12, 2011 post-conviction petition raising this claim was dismissed and petitioner did not appeal. The petitioner has not asserted or invoked either of the exceptions to the requirement of this exhaustion (cause and prejudice by some external factor nor actual innocence) and, therefore, neither will be analyzed or considered.

Further, the Court declines to issue a certificate of appealability on petitioner's claim. Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-el v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Here, the undersigned finds no basis for a determination that the Court's decision to dismiss petitioner's claim is debatable or incorrect. Petitioner's single claim is procedurally defaulted.

### IV. <u>Conclusion</u>

Accordingly, the petition for writ of habeas corpus (Doc. 1) is **DENIED** and the case is **DISMISSED with prejudice.** The Court further **DENIES** petitioner a

certificate of appealability. Lastly, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 4th day of November, 2013.

Digitally signed by David R. Herndon
Date: 2013.11.04 12:26:41 -06'00'

**Chief Judge
United States District Court**